UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID HASTINGS,

    Plaintiff,

v.                                       Case No:   2:17-cv-145-FtM-99CM

INMATE SERVICES
CORPORATION,

    Defendant.
_____

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiff David Hastings' Objection to Motion to Strike and/or Dismiss Plaintiff's Amended Complaint, construed as a Motion to Amend the Complaint (Doc. 50),[2] and Plaintiff's proposed Amended Complaint (Doc. 47).[3]  Defendant Inmate Services Corporation ("ISC") filed a response in opposition.  Doc. 54.  For the reasons stated below, the Court respectfully recommends the motion be denied.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] In a previous Order, Senior United States District Judge John E. Steele construed the filing as a Motion to Amend the Complaint due to Plaintiff's *pro se* status.  *See* Doc. 55 at 1.

[3] Plaintiff's Amended Complaint (Doc. 47) was stricken as a separate filing but the Court may consider the filing as the proposed Amended Complaint for purposes of this motion.  *See* Doc. 47; Doc. 55 at 1.

I. **Relevant Background**

On March 10, 2017, Plaintiff filed this case against ISC alleging claims for negligence, negligent hiring and retention and civil rights violations under 42 U.S.C. § 1983. Doc. 1 ¶¶ 50-73. At the time Plaintiff filed the Complaint, he was represented by counsel. *See id.* at 13. The original Complaint alleges diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction as to the § 1983 claims. *Id.* ¶¶ 12-13. Plaintiff alleges ISC, a business that contracts with governmental entities to transport inmates between facilities in different states, violated Plaintiff's civil rights and negligently caused him injury while transporting him from California to Florida. *Id.* ¶¶ 5-13.

The Complaint alleges that on April 5, 2014, Plaintiff was arrested in Orange County, California for violating a No Contact Order as to his daughter previously entered in Lee County, Florida. *Id.* ¶¶ 18-19. Following his arrest, jail officials in California delivered Plaintiff to ISC to transport him to Florida pursuant to an extradition order. *Id.* ¶ 20. Plaintiff alleges ISC departed without permitting him to obtain his heart medications or any of his clothing besides the paper jumpsuit he was wearing. *Id.* ¶ 21. ISC's employees then embarked with Plaintiff on a 15-day, 15,000 mile-trip through 31 states to pick up and drop off inmates, with Plaintiff shackled in the back of a van with other inmates 24 hours per day,[4] which was filled to maximum capacity. *Id.* ¶¶ 25-30.

---

[4] Except for minimal food and rest stops. *See* Doc. 1 ¶ 34.

Plaintiff alleges throughout the trip ISC employees provided him minimal food and denied him medical care and bathroom breaks, at one point causing him to be hospitalized.[5]  *Id.* ¶¶ 31-45.  Plaintiff arrived in Lee County, Florida on April 20, 2014 in an emaciated condition, having lost thirty-five pounds in fifteen days.  *Id.* ¶¶ 46-47.  Plaintiff alleges ISC negligently caused him injury; negligently hired and retained the two drivers/guards who transported him from California to Florida; and acted under color of law when it exhibited deliberate indifference to his medical needs and "imposed human indignities and used unreasonable force" on him in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  *Id.* ¶¶ 48-73.

On June 13, 2017, the Court granted Plaintiff's counsel leave to withdraw from the case; and on July 25, 2017, Plaintiff filed a Notice of *Pro Se* Representation.  Docs. 19, 21.  In the notice, Plaintiff stated he would prosecute the case *pro se* "until further notice to the Court[,]" that he had "interviewed several large law firms that specialize . . . in Class Action lawsuits[,]" and he would determine his "course of action in the very near future."  Doc. 21 at 1-2.  On November 20, 2017, ISC filed its Answer to the Complaint.  Doc. 25.  Plaintiff previously filed two motions requesting appointment of counsel, on January 30, 2018 and February 5, 2018, both of which the undersigned denied.  Docs. 36, 41, 42, 43.  On January 30, 2018, the Court entered a Case Management and Scheduling Order ("CMSO") setting the

---

[5] The Complaint states Plaintiff was taken to Sacred Heart Hospital in New York at 3:30 a.m. one morning, with medical personnel determining he was "dehydrated and had Stage 2 bedsores and an abnormal EKG."  Doc. 1 ¶ 45.

deadline for motions to add parties or to amend the pleadings for March 15, 2018;[6] the deadline to disclose expert reports for September 15, 2018 for Plaintiff and November 15, 2018 for ISC; the discovery deadline for December 31, 2018; the mediation deadline for January 18, 2019; the deadline for dispositive motions for January 31, 2019; and a trial term beginning May 6, 2019.  Doc. 40 at 1-2.

On March 14, 2018, Plaintiff filed an Amended Complaint and Request to Certify as Class Action for Violations of Civil and Constitutional Rights ("Amended Complaint").  Doc. 47.  ISC moved to strike or dismiss the Amended Complaint because Plaintiff failed to seek leave of Court or ISC's permission before filing and because Plaintiff "is unable to represent a class action due to his pro se status, and he fails to adequately plead the allegations necessary to sustain a class action case."  Doc. 48 at 1.  Plaintiff filed a response, construed as a Motion to Amend, on April 27, 2018, seeking leave of Court to file an amended complaint but without attaching a proposed amended complaint.[7]  Doc. 50 at 2.  In the Motion to Amend, Plaintiff requests the Court certify a class action under Rule 23 of the Federal Rules of Civil Procedure and states he would be able to obtain representation for his proposed class action "within the next 60-90 days."  Doc. 50 at 5-7.

---

[6] Although the parties filed separate, unilateral Case Management Reports, both parties proposed March 15, 2018 as the deadline to amend pleadings.  *See* Doc. 29-2 at 1; Doc. 38 at 1.

[7] Plaintiff is not seeking to file the stricken proposed Amended Complaint (Doc. 47) as his amended complaint.  Instead, Plaintiff requests in the Motion to Amend that the Court allow him to file his "First Amended Class Action Complaint Listing 'CLASS ACTION ALLEGATIONS'" in which Plaintiff will provide "detail in non-conclusory fashion now that additional class members have been identified."  Doc. 50 at 7.

Plaintiff's stricken Amended Complaint[8] was filed on behalf of himself and all similarly situated persons against Defendants ISC and its employees "JOHN DOES, JANE DOES 1 to 100[.]" Doc. 47 at 1. The Amended Complaint elaborates on the facts in the Complaint, including some details of Plaintiff's trip, and adds a section about the proposed class but alleges the same causes of action and generally tracks the language in the Complaint. *See generally* Docs. 1, 47; *compare* Doc. 1 ¶¶ 50-73 *with* Doc. 47 ¶¶ 66-90. The Amended Complaint states Plaintiff has "identified over 50 inmates transported"[9] by ISC including the 34 inmates who traveled with him on his 15-day trip in 2014. Doc. 47 ¶¶ 9, 15-16.

Plaintiff includes the following additional factual allegations about the proposed class in the Amended Complaint: Plaintiff believes the class consists of more than 7,500 members; all members of the class experienced "identical" civil rights violations; Plaintiff "may represent the only inmate who endured the length of captivity and violations of Civil Rights"; and "[u]pon certification of the class, Plaintiff . . . feels suitable counsel can be retained to ensure litigation experience necessary to complete the task to attain the best result for the entire class." *See id.* ¶¶ 44-65.

---

[8] Because Plaintiff seeks to file a separate amended complaint, the Court will consider the stricken Amended Complaint to the extent that it details generally the substance of Plaintiff's proposed amendments but also will consider Plaintiff's description of the proposed amendments in his Motion to Amend. *See* Doc. 50 at 7; Doc. 55 at 1-2 (striking the Amended Complaint but noting "the Magistrate Judge may consider the filing in determining whether leave to amend will be granted").

[9] At another point in the Amended Complaint, Plaintiff states he has identified "upwards of 100 inmates who suffered identical neglect by" ISC. Doc. 47 ¶ 48.

## II. Analysis

### A. Rule 16

Rule 16 of the Federal Rules of Civil Procedure requires a showing of good cause for modifying a court's scheduling order, including extending the deadline for motions to amend pleadings. Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417 (11th Cir. 1998); *Thorn v. Blue Cross & Blue Shield of Fla. Inc.*, 192 F.R.D. 308 (M.D. Fla. 2000). Rule 6 requires a party show excusable neglect when it files a motion after the time for filing the motion has expired. Fed. R. Civ. P. 6(b)(1)(B). If a court finds good cause to excuse the failure to file by the deadline, the court then considers whether leave should be granted under Rule 15. *Thorn*, 192 F.R.D. at 309-10. "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party" seeking to amend. *Sosa*, 133 F.3d at 1418 (internal quotations and citation omitted). A party seeking to amend can show good cause by demonstrating its diligence in pursuing claims. *See id.* Overall, in deciding whether to grant leave to amend, the court maintains wide discretion "[even] after the filing of responsive pleadings, and in the face of an imminent adverse ruling." *Quinn v. Deutsche Bank Nat'l Tr. Co.*, 625 F. App'x 937, 940 (11th Cir. 2015).

Plaintiff argues good cause and excusable neglect exist because he sent correspondence to ISC's counsel on March 2, 2018, thirteen days before the deadline for motions to add parties or amend the pleadings, "announcing that he would Amend his complaint under Rule 23[,]" and ISC's counsel failed to respond. Doc. 50 at 2.

Thus, considering the "restrictive timeline" and ISC's counsel's "failure to give written permission" for Plaintiff to amend the Complaint, Plaintiff filed the Amended Complaint one day before the deadline for motions to amend the pleadings, on March 14, 2018.  *Id.*  Plaintiff also notes that he became incarcerated on October 19, 2017, prior to the Court issuing the CMSO, which contributed to his difficulty filing and communicating with ISC's counsel.  *See id.*

ISC responds that Plaintiff failed to show good cause for filing his Motion to Amend six weeks after the deadline, and Plaintiff's unauthorized, stricken Amended Complaint is "inappropriate and . . . properly treated as a nullity."  Doc. 54 at 2 (citing *Hoover v. Blue Cross & Blue Shield of Alabama*, 855 F.2d 1538, 1544 (11th Cir. 1988)).  ISC also argues that the proposed amendment would render the current CMSO "unworkable" and the CMSO "would have to be completely redone" due to the addition of class action allegations and "many new currently-unnamed defendants[.]"  *Id.*  ISC notes that Plaintiff "apparently knew, at least as far back as July 2017, that he wanted to pursue a class action" and, with a deadline of March 15, 2018 to amend pleadings, "had ample time to secure counsel and/or request leave to amend" but has not explained his failure to timely do so.  *Id.* at 3 (citing Doc. 21).

The Court recommends Plaintiff has not shown good cause exists to extend the deadline for motions to amend pleadings.  The deadline in the CMSO for motions to add parties or amend the pleadings, selected by Plaintiff, was March 15, 2018 and Plaintiff did not file his Motion to Amend until April 27, 2018.[10]  *See* Doc. 40 at 1;

---

[10] Plaintiff filed the stricken Amended Complaint prior to the deadline but did not

Doc. 50 at 1-2. Although Plaintiff requested ISC's counsel's written consent to his proposed amendment on March 2, 2018 and ISC's counsel allegedly failed to respond, Plaintiff still could have filed his Motion to Amend prior to the March 15, 2018 deadline. Doc. 50 at 2. Significantly, Plaintiff first expressed his desire to pursue a class action and obtain counsel in his Notice of *Pro Se* Representation filed in July 2017 but did not file his Motion to Amend until more than nine months later, and nearly fourteen months after the filing of the Complaint, and still has not secured counsel. *See* Doc. 21 at 1; Doc. 50 at 5-7. Plaintiff also filed the Complaint in March 2017, and apparently was not even considering a class action until July 2017. *See* Docs. 1, 21. At this stage of the case, the relief sought by the Motion to Amend would require a substantial extension of the case management deadlines and potentially a re-designation of the case as a Track Three case. *See* M.D. Fla. R. 3.05. Even if Plaintiff's failure to timely file his motion is excused, the Court recommends denying the motion to amend because the proposed amendment would be futile.

### B. Rule 15

Whether to allow leave to amend a pleading lies within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). This discretion is limited, however, in that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Permissible reasons justifying denial are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

---

file the Motion to Amend until about six weeks later. Docs. 47, 50.

of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999).

Plaintiff does not address the bases for denial in Rule 15, but requests that the Court grant leave to amend under Rule 15(a)(2). Doc. 50 at 2-3. Plaintiff argues, however, that his class action allegations are meritorious. *See id.* at 5-7. Plaintiff alleges he has "uncovered over 500 inmates that have experienced identical circumstances" as Plaintiff experienced and requests that the Court certify the class[11] under Rule 23.[12] *Id.* at 5. First, Plaintiff states the class is so numerous that joinder of all class members is impractical, noting that ISC's president has estimated ISC transports over 1,000 prisoners per year and the prisoners come from "hundreds of Jurisdictions" across the country. *Id.* at 5-6. Next, Plaintiff claims there are questions of law or fact common to all class members in that all members experienced similar conditions on trips with ISC; and that the claims of Plaintiff and the proposed class members are "identical as the indifference of [ISC] to the Civil Rights of all

---

[11] To the extent Plaintiff's request is meant as a motion for class certification under Rule 23, the Court recommends Plaintiff's motion is premature except insofar as it is relevant to a Rule 15 futility analysis.

[12] Rule 23 lists the prerequisites to a class action as:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

inmates in transport has extended for longer than six (6) years." *Id.* at 6.  Plaintiff requests the Court "appoint him as the class representative party to ensure that all members of the class are fairly and adequately protected."  *Id.*  Plaintiff states he is still in the process of obtaining representation for the class and requests "ample time to secure quality representation to facilitate prosecution in this immediate case." *Id.* at 7.  In the stricken Amended Complaint, Plaintiff states he will be able to obtain representation "[u]pon certification of the class[.]"  Doc. 47 ¶ 62.

ISC responds that Plaintiff's proposed amendment is futile and leave should be denied under Rule 15.  Doc. 54 at 4.  ISC argues that Plaintiff "cannot prosecute a class action on a *pro se* basis and has not sufficiently pled class action allegations in any event."  *Id.* (citing *Bass v. Benton*, 408 F. App'x 298 (11th Cir. 2011); *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005)).  ISC also argues that leave should be denied because allowing the amendment would be unduly prejudicial to ISC given the case schedule, and further amendments would likely be required to identify and add the new unnamed defendants.  *Id.*

A motion to amend a complaint will be denied as futile when the proposed amendment to the complaint would not survive a motion to dismiss.  *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010).  A complaint will be dismissed if it fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail."  *St. Charles Foods, Inc. v. Am's Favorite Chicken Co.*, 198 F.3d 815,

822 (11th Cir. 1999). The court considering a motion to dismiss need not assume that the complaint's legal conclusions are true, and the legal conclusions "must be supported by factual allegations." *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1370 (S.D. Fla. 2011); *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

The Court recommends Plaintiff's proposed amendment is futile because it would be subject to dismissal based on Plaintiff's *pro se* status. The Eleventh Circuit has held that 28 U.S.C. § 1654, the provision allowing parties to proceed *pro se*, provides "a personal right that does not extend to the representation of the interests of others." *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008). A complaint is properly dismissed when a *pro se* plaintiff files a class action complaint attempting to represent a proposed class. *Bass v. Benton*, 408 F. App'x 298, 298-99 (11th Cir. 2011) (affirming dismissal of *pro se* plaintiff's § 1983 class action complaint seeking relief on behalf of fellow inmates) (citing *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to allow an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action)); *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (affirming district court's *sua sponte* dismissal of *pro se* plaintiff's Section 1983 class action claim for failure to state a claim based on plaintiff's *pro se* status).

Here, Plaintiff seeks leave to file an amended complaint to allege class action claims against ISC on behalf of himself and others similarly situated, i.e., other prisoners transported by ISC. Doc. 50 at 1, 5-7. Plaintiff has been proceeding *pro se* since June 13, 2017, and the Court has twice denied his motions for appointment

of counsel.  Docs. 19, 21, 41, 43.  Although Plaintiff has attempted to obtain counsel since approximately June 2017, he has not been successful.  *See* Doc. 21; Doc. 50 at 7.  In the Motion to Amend, Plaintiff requests even more time to attempt to obtain counsel.[13]  *See* Doc. 50 at 7.  To the extent Plaintiff is requesting the Court defer consideration of the Motion to Amend until he obtains counsel, because Plaintiff already has been attempting to obtain counsel for over a year the Court declines to do so.  *See id.*; Doc. 21.  Thus, because Plaintiff is proceeding *pro se* and may not represent a class action, the Court recommends Plaintiff's proposed amendment is futile, and the Motion to Amend should be denied.  *Timson*, 518 F.3d at 873; *Bass*, 408 F. App'x at 298-99; *Wallace*, 145 F. App'x at 302; *see also Perondi v. Schriro*, No. CV 06-2833-PHX-ROS-JRI, 2007 WL 1232168, at *4 (D. Ariz. Apr. 25, 2007) ("Although Plaintiff has done an adequate job in representing himself, the Court cannot condone Plaintiff acting as attorney for a class of 'thousands of inmates' and thereby 'risk the rights of others' in the hands of 'a layman representing himself'") (citation omitted).

Finally, as noted, the Court recommends that Plaintiff's request that the Court "certify" the class under Rule 23, to the extent Plaintiff is moving for class certification, is premature because a class action complaint has not been filed or allowed by the Court.  Even if the class certification motion were not premature, however, the Court recommends Plaintiff could not meet the requirements under

---

[13] Plaintiff does not request in the Motion to Amend that the Court appoint him counsel.

Rule 23(a) for the same reason the proposed amendment is futile—a *pro se* plaintiff may not be a class representative because he or she necessarily will not provide "adequate representation" under Rule 23(a). *See Real v. Mission*, No. 214-cv-729-FtM-38MRM, 2015 WL 4935627, at *5 (M.D. Fla. Aug. 18, 2015) ("a *pro se* litigant cannot prosecute a class action in this Court"); *Ferentinos v. Kissimmee Util. Auth.*, 6:13-cv-1728, 2014 WL 2993571, at *12 (M.D. Fla. July 2, 2014); *Smith v. Polk Cnty., Fla.*, No. 8:05-cv-884, 2005 WL 1309910, at *1 (M.D. Fla. May 31, 2005) ("[i]t would be plain error to allow a *pro se* litigant to represent fellow inmates in a class action"); *Ali v. U.S. Parole Comm'n*, No. 06-0235, 2007 WL 902312, at *4-5 (D.D.C. Mar. 23, 2007) ("The Court agrees with this substantial precedent that a *pro se* litigant is not a suitable class representative")).

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

Plaintiff David Hastings' Objection to Motion to Strike and/or Dismiss Plaintiff's Amended Complaint, construed as a Motion to Amend the Complaint (Doc. 50) be **DENIED.**

**DONE** and **ENTERED** in Fort Myers, Florida on this 31st day of October, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Pro se parties