UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID HASTINGS,

    Plaintiff,

v.                                Case No: 2:17-cv-145-FtM-99CM

INMATE SERVICES
CORPORATION,

    Defendant.
_____

## ORDER

This matter comes before the Court upon review of Plaintiff David Hastings' Letter Motion (Doc. 56) filed on June 21, 2018 and Motion for Order Compelling Discovery ("motion to compel") (Doc. 58) filed on September 13, 2018. Defendant Inmate Services Corporation ("ISC") filed a Response to Plaintiff's motion to compel on September 28, 2018. Doc. 59. Without leave of Court, on October 11, 2018 and October 18, 2018, Plaintiff filed two separate replies to ISC's response. Docs. 60, 61. For the reasons stated below, both motions are denied.

    I.    **Letter Motion**

Plaintiff's Letter Motion is addressed to the Clerk and states that Plaintiff is proceeding *in forma pauperis* ("IFP") in the case. Doc. 56. Plaintiff requests that the Court issue unspecified subpoenas for him due to his IFP status. *Id.* Plaintiff is not, however, proceeding IFP and paid the $400 filing fee when he filed the Complaint on March 10, 2017. *See* Doc. 1. Further, Local Rule 3.01 provides that requests for relief must not be submitted to the Court "in the form of a letter or the

like." M.D. Fla. R. 3.01(f). Plaintiff is directed to refrain from filing letter motions in the future. For those reasons, Plaintiff's Letter Motion will be denied.

## II. Motion to compel

Plaintiff's motion to compel states Plaintiff submitted interrogatories and requests for production to ISC on May 20, 2018 and ISC failed to produce responsive documents. Doc. 58 at 3. For example, Plaintiff has requested a certain insurance policy from ISC, to which ISC has denied Plaintiff access for over five months. *Id.* Plaintiff also requests that the Court compel the depositions of five witnesses. *Id.* at 3.[1] ISC responds that it provided Plaintiff with the materials requested in his motion to compel on September 27, 2018 and requests that Plaintiff's motion to compel be denied as moot. Doc. 59. ISC also states it is working with Plaintiff to coordinate dates for the proposed depositions and attempting to ascertain the locations of the witnesses. *Id.* at 1.

Plaintiff's two replies,[2] filed seven days apart, are identical except for the addition of a news article in the second reply. *See generally* Docs. 60, 61. Both replies explain that ISC did not produce satisfactory responses and improperly objected to many requests. *See generally* Docs. 60, 61. Plaintiff further requests that the Court sanction ISC by imposing a $1,500 fine for failing to produce witnesses at scheduled depositions in August 2018. *See* Doc. 60 at 8; Doc. 61 at 6.

---

[1] Plaintiff does not identify the witnesses in the motion to compel, but states they are the witnesses ISC identified in its Rule 26 disclosures served on Plaintiff on March 2, 2018. *See* Doc. 58 at 1, 3.

[2] The Court notes that Plaintiff did not seek leave to file a reply to ISC's response; thus, both of his replies were filed in violation of the Local Rules. *See* M.D. Fla. R. 3.01(c).

> Rule 3.04 of the Middle District of Florida Local Rules states:
>
> A motion to compel discovery pursuant to Rule 36 or Rule 37, Fed. R. Civ. P., shall include quotation in full of each interrogatory, question on deposition, request for admission, or request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted. . .

M.D. Fla. R. 3.04(a). Neither Plaintiff's motion to compel nor his unauthorized replies comply with Rule 3.04. Further, Plaintiff does not provide the names of the witnesses ISC allegedly failed to produce in August 2018 or provide proof of notices of deposition served on the witnesses or ISC. *See* Doc. 60 at 8; Doc. 61 at 6; M.D. Fla. R. 3.02. Without more detail, the Court is unable to determine the appropriateness of compelling the depositions and discovery responses or imposing sanctions. Furthermore, ISC's response indicates it is attempting to locate the witnesses Plaintiff seeks to depose and is coordinating with Plaintiff to arrange the depositions. Doc. 59 at 1. Thus, the Court declines to impose sanctions at this time.

> Rule 37 of the Federal Rules of Civil Procedure states, in relevant part:
>
> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a). Plaintiff's motion to compel does not include a Rule 37 certification that he conferred in good faith with ISC's counsel to attempt to resolve the issues raised by his motion without court action. The motion also does not

contain a Local Rule 3.01(g) certification stating that Plaintiff conferred with ISC's counsel in a good-faith attempt to narrow or resolve the issues raised in his motion. *See* M.D. Fla. R. 3.01(g). Local Rule 3.01(g) requires that each motion filed in a civil case, with certain enumerated exceptions not at issue here, "stat[e] whether counsel agree on the resolution of the motion," and further provides that a statement to the effect that counsel for the moving party attempted to confer with counsel for the opposing party but counsel was unavailable is "insufficient to satisfy the parties' obligation to confer." *Id.* The rule further states that "[t]he moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion." *Id.* Thus, the Court will deny the motion without prejudice to Plaintiff re-filing the motion in compliance with Rule 37 of the Federal Rules of Civil Procedure and the Middle District of Florida Local Rules. Plaintiff is directed to meaningfully confer with ISC's counsel and attempt to narrow or resolve the issues raised by Plaintiff's motion prior to re-filing.[3]

The Court reminds Plaintiff that "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Sanders v. Fluor Daniel, Inc.*, 151 F.R.D. 138, 139 (M.D. Fla. 1993), *aff'd sub*

---

[3] Rule 37 also provides that if a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). The rule also provides, however, that "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.* Here, the Court finds that the circumstances do not justify awarding ISC reasonable expenses, but Plaintiff is cautioned that future motions to compel that are denied may result in the award of expenses.

*nom. Sanders v. Fluor Daniels, Inc.*, 36 F.3d 93 (11th Cir. 1994) (quoting *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)). Plaintiff also must comply with the Middle District of Florida Local Rules. Although Plaintiff is entitled to proceed *pro se*, the Court encourages him to retain counsel admitted to practice before this Court to assist him with litigating this matter. *See Montgomery v. Brickell Place Condo. Ass'n*, No. 11-24316-CIV, 2012 WL 1203837, at *3 (S.D. Fla. Apr. 11, 2012) (encouraging *pro se* plaintiff to "retain legal counsel and, failing that, to diligently research how to prosecute" a case in federal court because *pro se* parties are responsible for discovery, complying with scheduling orders, and following federal and local rules). A copy of the Local Rules may be obtained from the Court's website at http://www.flmd.uscourts.gov/. Moreover, the website includes a "Litigants without Lawyers" page containing tips, frequently asked questions, sample forms and a "Guide for Proceeding without a Lawyer."

ACCORDINGLY, it is

**ORDERED:**

Plaintiff David Hastings' Letter Motion (Doc. 56) is **DENIED**. Plaintiff's Motion for Order Compelling Discovery (Doc. 58) is **DENIED without prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 31st day of October, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Pro se parties