UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID HASTINGS,

    Plaintiff,

v.                                                   Case No:  2:17-cv-145-FtM-99UAM

INMATE SERVICES CORPORATION,

    Defendant.

## ORDER

This matter comes before the Court upon review of Defendant's Motion to for Leave to File a Unilateral Stipulation for Selection of Mediator filed on February 7, 2019; Plaintiff's Response to Motion for Enlargement of Time, construed as a Motion to Extend the Mediation Deadline, filed on February 8, 2019; Plaintiff's Demand for Discovery Pursuant to Fed. R. Civ. P. 26 & 34 filed on February 14, 2019; and Defendant's Motion for Court to Order Mediation Date filed on February 19, 2019. Docs. 75, 76, 77, 78. For the reasons stated below, Defendant's motions are denied without prejudice, Plaintiff's motion is granted, and Plaintiff's Demand for Discovery is stricken.

On January 30, 2018, the Court entered a Case Management and Scheduling Order ("CMSO") setting the discovery deadline for December 31, 2018, the mediation deadline for January 18, 2019, and a trial term beginning May 6, 2019. Doc. 40 at 1-2. On December 26, 2018, Plaintiff filed a motion to compel discovery and on January 22, 2019, Defendant filed a motion to extend the mediation deadline. Docs. 68, 70. In the motion to extend mediation, Defendant stated that Plaintiff, due largely to his incarceration, had not responded to its attempts to schedule mediation and had not responded when Defendant requested his position on the

deadline extension. Doc. 70 at 1-2. On January 24, 2019, the Court denied Plaintiff's motion to compel and granted the motion to extend the mediation deadline,[1] extending the deadline until February 28, 2019 and allowing the parties until February 7, 2019 to file a stipulation selecting a mediator. *See generally* Doc. 71.

Defendant's first motion states that Plaintiff has not responded to its letters in which it included lists of mediators and asked Plaintiff to select an acceptable mediator so the parties could comply with the February 7, 2019 deadline to file a stipulation. Doc. 75 at 1-2. Defendant states that mediator Robert Schweitzer is available prior to the February 28, 2019 deadline to mediate and requests the Court allow it to file a unilateral stipulation considering Plaintiff's lack of cooperation. *Id.* at 2. Plaintiff's Motion to Extend the Mediation Deadline[2] requests that the Court extend the deadline to conduct mediation by 60 days and states that the lack of communication between the parties is due to prison officials denying him access to the phone to communicate with Defendant's counsel. Doc. 76 at 1-2. Plaintiff's Demand for Discovery requests that Defendant produce various documents to Plaintiff, including some categories of documents involved in the motion to compel Plaintiff filed on December 26, 2018. Doc. 77 at 1-3; *see generally* Doc. 68. Finally, Defendant's second motion requests that the Court order Plaintiff to attend mediation by telephone on a specific date, and offer February 26, 2019, February 28, 2019 and March 1, 2019 as possible dates. Doc. 78 at 1.

---

[1] As the mediation deadline had already passed and because Plaintiff had been unresponsive to Defendant's attempts to schedule mediation and ascertain his position on an extension of the mediation deadline, the Court ruled on the motion without the benefit of a response. *See* Doc.71 at 9-10.

[2] The document Plaintiff filed is titled, "Plaintiff's Response to Motion for Enlargement of Time." Doc. 76. Thus, it appears to be meant as a response to Defendant's previous motion to extend the mediation deadline. However, because Plaintiff filed the response 15 days after an Order was entered ruling on Defendant's motion, and because Plaintiff's "Response" requests a longer extension than the Court granted in the previous Order, the Court construes the response as a Motion to Extend the Mediation Deadline. *See* Docs. 70, 71, 76.

Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). "The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline." *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-Orl-19GJK, 2010 WL 743834, at *2 (M.D. Fla. Feb. 26, 2010). In other words, the moving party must demonstrate it could not meet the deadline despite its diligent efforts. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Idearc Media Corp. v. Kimsey & Assocs., P.A.*, No. 807-CV-1024-T-17EAJ, 2009 WL 413531, at *2 (M.D. Fla. Feb. 18, 2009). District courts have broad discretion (1) when managing their cases, including discovery and scheduling; and (2) in applying their local rules. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001); *see Reese v. Herbert*, 527 F.3d 1253, 1267-68 (11th Cir. 2008); *Johnson v. England*, 350 F. App'x 314, 315-16 (11th Cir. 2009).

Here, the Court finds good cause to extend the mediation deadline further in response to Plaintiff's request, due to Plaintiff's incarceration, the difficulty in communication between the parties, and because the extension will not require an extension of other deadlines in the CMSO. Thus, the Court will extend the mediation deadline to March 19, 2019, and Plaintiff may attend the mediation by telephone due to his incarceration. The parties shall have up to and including March 8, 2019 to file a *joint* stipulation selecting a mediator. The Court will deny Defendant's request to file a unilateral stipulation selecting a mediator and Defendant's request that the Court order a specific mediation date at this time, without prejudice to re-filing if Plaintiff does not cooperate and confer with Defendant to file the joint stipulation by March 8. Plaintiff will be given one last opportunity to **confer with Defendant** and cooperate in scheduling mediation. Otherwise, the Court will order a specific mediation date and allow Defendant to file a unilateral stipulation. Finally, Plaintiff's Demand for Discovery will be stricken. The discovery deadline

expired on December 31, 2018, and the Court denied Plaintiff's motion to compel on January 24, 2019. Doc. 40 at 1; Doc. 71. Defendant filed a motion for summary judgment on January 31, 2019, and the dispositive motions deadline has now also expired. Doc. 73; *see* Doc. 40 at 1. Thus, Plaintiff's request is untimely, and no further discovery is permitted in the case.

ACCORDINGLY, it is

**ORDERED:**

1. Defendant's Motion to for Leave to File a Unilateral Stipulation for Selection of Mediator (Doc. 75) is **DENIED without prejudice**.

2. Plaintiff's Response to Motion for Enlargement of Time, construed as a Motion to Extend the Mediation Deadline (Doc. 76) is **GRANTED**. The parties shall have up to and including **March 19, 2019** to conduct mediation and shall file a joint stipulation selecting a mediator on or before **March 8, 2019**. All other deadlines and directives in the Case Management and Scheduling Order (Doc. 40) remain unchanged.

3. Plaintiff's Demand for Discovery Pursuant to Fed. R. Civ. P. 26 & 34 (Doc. 77) is **STRICKEN**.

4. Defendant's Motion for Court to Order Mediation Date (Doc. 78) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of February, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record
*Pro se* parties