UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID HASTINGS,

    Plaintiff,

v.                              Case No: 2:17-cv-145-FtM-99UAM

INMATE SERVICES CORPORATION,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Summary Judgment (Doc. #73) filed on January 31, 2019. Plaintiff *pro se* David Hastings filed a Response in Opposition (Doc. #85) on March 11, 2019. For the reasons set forth below, the Motion is denied without prejudice as premature.

**I.**

This is a civil rights and negligence case in which plaintiff, who is currently incarcerated, brings claims against Inmate Services Corporation (ISC), a company hired to extradite plaintiff from Orange County, California to Florida. Plaintiff brings three counts - negligence, negligent hiring/retention, and liability under 42 U.S.C. § 1983.[1] (Doc. #1.)

---

[1] Plaintiff was represented by counsel at the time the Complaint was filed.

In plaintiff's Response to the Motion for Summary Judgment, he contends that there remains additional discovery that is needed to adequately respond to the Motion; therefore, the Court will construe the response as a statement under Federal Rule of Civil Procedure 56(d). The Court agrees with plaintiff that defendant's Motion is premature and need not reach the merits of the subsequent arguments.

**II.**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A party asserting that a fact cannot be genuinely disputed must support the assertion with materials in the record, including depositions, documents, affidavits, interrogatory answers, or other materials. Fed. R. Civ. P. 56 (c)(1)(A).

Rule 56(d) expressly provides that the Court may deny a motion for summary judgment if a non-movant shows by affidavit that "it cannot present essential facts to justify its opposition." Fed. R. Civ. P. 56(d). However, the Eleventh Circuit has held that the filing of an affidavit is not required to invoke the protection of the rule. <u>Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.</u>, 859 F.2d 865, 871 (11th Cir. 1988). The party opposing the motion for summary judgment bears the burden of alerting the Court to any

outstanding discovery, but a written representation by the party's lawyer still falls within the spirit of the rule, and "[f]orm is not to be exalted over fair procedures." Id. (citation omitted).

Rule 56 requires adequate time for discovery prior to entry of summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Entry of summary judgment before the nonmoving party has had time to conduct discovery constitutes reversible error. See WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988). A party has the right to challenge the factual evidence presented by the moving party by conducting sufficient discovery so as to determine if he may furnish opposing affidavits. Snook, 859 F.2d at 870. The Eleventh Circuit has cautioned that "summary judgment may only be decided upon an adequate record." Id. See also Jones v. City of Columbus, Ga., 120 F.3d 248, 253 (11th Cir. 1997) ("The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to the consideration of the motion.").

## III.

Here, plaintiff states that he has requested several times through discovery that defendant produce a copy of the company's policies and procedures to support his civil rights claim. He additionally asks this Court to "reserve judgment" on the negligent hiring and retention claim because the parties are still negotiating a date for the deposition of the owner of ISC, Randy

Cagle, Jr., and other witnesses.  (Doc. #85, p. 15.)  Plaintiff states that defendant has also not yet produced other discovery that it previously represented to the Magistrate Judge that it was committed to produce for the relevant time period (see Doc. #71, p. 5), including complaints submitted against ISC and any reports of suspension of ISC's business license.  The Court sees how such information would be material to plaintiff's claims and to challenge ISC's statement made in its Motion for Summary Judgment that "[t]o date, the Plaintiff has not provided any evidence to support his allegations that there was any negligent hiring done on the part of ISC or in its retention of its drivers."  (Doc. #73, p. 14.)

The Court understands that plaintiff's incarceration makes it difficult to conduct discovery, however, an opportunity to conduct depositions and other discovery for the purposes of adequately responding to a motion for summary judgment must be provided. Therefore, as a precautionary matter, and given plaintiff's *pro se* status[2], the Court will deny the Motion for Summary Judgment without prejudice, extend discovery, and continue the remaining deadlines.[3]  The Court will also deny the Motions in Limine without prejudice to be refiled by the new deadline, if appropriate.

---

[2] Because petitioner is proceeding *pro se*, the Court construes all of his filings liberally.  See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

[3] This will also allow plaintiff time to file any Motions to

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's Motion for Summary Judgment (Doc. #73) is **DENIED without prejudice**

2. An Amended Case Management and Scheduling Order will be entered separately.

3. Defendant's Motion in Limine (Doc. #91) and Plaintiff's Motion in Limine (Doc. #101) are **denied without prejudice**.

**DONE and ORDERED** at Fort Myers, Florida, this __15th__ day of April, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record

---

Compel.